411 A.2d 772

**COMMONWEALTH of Pennsylvania**

v.

**James P. WICHERT, Appellant.**

Superior Court of Pennsylvania.

Argued July 24, 1979.

Filed Oct. 5, 1979.

386

William J. Mazzola, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

HONEYMAN, Judge:

After bench trial, appellant was adjudicated guilty of murder in the third degree and possession of an instrument of crime. Post trial motions were denied and sentences of seven to twenty years for the murder and a concurrent term of two and one-half to five years on the lesser offense were imposed. From these judgments of sentence appeals were taken and consolidated.

On March 9, 1977, upon arrival at the home of appellant, police found appellant's wife on the couch dead from a stab wound in the abdomen. Appellant was lying on the floor near the couch, with slashes on his wrist and torso and

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania are sitting by designation.

covered with blood. A knife was found lying within six inches of his hand. There was no evidence of any forced entry into the dwelling. The police had been summoned to the scene by a member of decedent's family. Police removed appellant to a hospital emergency room where, shortly thereafter, and following his *Miranda* warnings, he made an inculpatory statement. Uniformed police officers were detailed to guard appellant's hospital room. On March 17, 1977, following his discharge from the hospital, appellant was arrested, taken to the Police Administration Building and again advised of his *Miranda* rights. He then gave a second inculpatory statement and was promptly arraigned.

At the conclusion of a suppression hearing, the March 9th statement was suppressed because appellant was in extremis and thus was unable to effectively waive his right to remain silent. Suppression was refused as to the March 17th statement.

Appellant contends that it was error to admit the second statement into evidence because there was no lawful arrest of appellant and the second statement was tainted thereby, as well as being further tainted by the exploitation of the unlawfully obtained first statement. We do not agree.

The thrust of the allegation concerning the arrest was that there was no probable cause, absent a statement out of the mouth of the appellant. We conclude that there was ample probable cause for the police to arrest appellant, both from the physical evidence found at the scene which strongly should have indicated to a reasonable mind that a murder and an attempted suicide had occurred. Furthermore, the decedent's mother had visited the home at 8:45 p. m. on March 8, 1977 and talked with both decedent and appellant. The following morning at 6:45 a. m., she returned and observed appellant through a window walking around the bedroom with blood on his chest. The test for probable cause is whether there were facts available at the time of the initial apprehension that would justify a man of reasonable caution in the belief that a murder had been committed and that the individual arrested was the probable perpetrator. See *Com. v. Jones*, 457 Pa. 423, 322 A.2d 119

(1974). The totality of information known to the police amply met this test.

The appellant's second contention that the second statement was tainted by reason of the alleged exploitation by the police of the first statement fails because the second statement was made under circumstances sufficiently distinguishable to be purged of any primary taint. Eight days had passed from appellant's admission to the hospital, when the first statement was taken, to the date of the taking of the second statement. By then appellant was physically fit and had had all that time in seclusion to reflect upon the matter. Appellant had no recollection of giving the first statement. The police detective who questioned appellant on the 17th had no prior knowledge of the March 9th statement. Thus, when appellant gave the second statement after effectively waiving his *Miranda* rights, he did so free of any taint flowing from the first statement. See *Wong Sun v. U. S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The Pennsylvania Supreme Court, in such situations has held that the confession must result from an intervening act of the suspect's will which is free from any element of coercion flowing from the prior illegality. See *Com. v. Farley*, 468 Pa. 487, 364 A.2d 299 (1976).

Judgments of sentence affirmed.